IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LISA BLAKE                                                                                            PLAINTIFF

v.                                             CIVIL NO. 22-6006

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                                           DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lisa Blake, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on January 22, 2020, alleging an inability to work since October 21, 2015, due to fibromyalgia, depression, anxiety, degenerative disc disease, arthritis, carpal tunnel in the left hand, B12 deficiency and migraines.  (Tr. 101, 200). For DIB purposes, Plaintiff maintained insured status through December 31, 2018. (Tr. 11, 219). An administrative telephonic hearing was held on February 18, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 33-60).

By written decision dated March 19, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found prior to Plaintiff's date last insured she had the following severe

impairments: fibromyalgia, left shoulder tendonitis with remote history of shoulder surgery, and degenerative disc disease of the cervical and lumbar spine with cervical facet syndrome. However, after reviewing all of the evidence presented, the ALJ determined that prior to the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 15). The ALJ found prior to the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a range of sedentary work as defined in 20 CFR 404.1567(a). She was able to lift and/or carry 10 pounds occasionally and less than 10 pounds frequently. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. She occasionally could reach overhead bilaterally.

(Tr. 16). With the help of a vocational expert, the ALJ determined prior to the date last insured Plaintiff could perform her past relevant work as an administrative clerk as she performed the job; and other work as a hospital admitting clerk and a passenger rate clerk. (Tr. 21-23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on November 24, 2021. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF NO. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) The ALJ erred in determining Plaintiff's impairments did not meet a Listing; and 2) The ALJ erred in determining Plaintiff's RFC by failing to assess Plaintiff's functional limitations associated with her fibromyalgia. (ECF No. 14). Defendant argues the ALJ properly considered all of the evidence and the decision is supported by substantial evidence. (ECF No. 15).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on December 31, 2018. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of October 21, 2015, her alleged onset date of disability, through December 31, 2018, the last date she was in insured status under Title II of the Act. In order for Plaintiff to qualify for DIB, she must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims the ALJ erred in evaluating her impairments under Listing 1.02 and 1.04 and SSR 12-2p (Evaluation of Fibromyalgia). (ECF

No. 14, p. 2). Plaintiff has the burden of demonstrating her impairments meet all the requirements of a given Listing. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). Upon review of the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet the requirements of any Listing prior to her date last insured. With respect to Plaintiff's RFC, the ALJ considered the medical assessments of treating physicians and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when she determined Plaintiff could perform sedentary work with limitations prior to the expiration of her insured status. With each medical opinion, the ALJ stated how persuasive she found each opinion and articulated the basis for her finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 27th day of April 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE